Case 11-02028    Doc 13    Filed 01/10/12    Entered 01/12/12 10:42:27    Desc Main
Document    Page 1 of 4

11-02028:9.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 1/3/2012 4:29:05 PM by:Mohammed Badwan Page 1 of 4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ROSE SOLIVA GIMAY | NO. 11 B 33053 |
| Debtor | |
| | Chapter 13 |
| ROSE SOLIVA GIMAY | |
| Plaintiff | Honorable Judge Jack B. Schmetterer |
| v. | |
| CHASE HOME FINANCE, LLC. | ADV. NO 11-02028 |
| Defendant | |

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

On October 5, 2011, Rose Soliva Gimay ("Plaintiff") filed a adversary complaint pursuant to 11 U.S.C §§ 506 (a) and (d) and Federal Bankruptcy Rule 3012 to Determine the Value of Security and Strip Off Defendant's Underlying Lien Against Plaintiff's Primary Residence. The Court, after proper notice to Defendant, having reviewed and considered the Complaint and Exhibits and being fully advised in the premises, and having entered an Order of Default and Order of Default Judgment, now makes and enters the following Findings of Facts and Conclusions of Law and separately enters judgment in favor of Plaintiff in this matter.

## FINDINGS OF FACT

1. Plaintiff is the owner of improved parcel of residential real estate commonly known as 4011 N. Oketo Avenue in Norridge, IL 60706 ("Subject Real Estate").

2. The Subject Real Estate is the Plaintiff's primary residence.

3. A professional real estate evaluation ("Evaluation") was conducted by a licensed real estate professional, Billy Smith, a M & M Realty Group agent. Said Evaluation was properly attached to the Complaint. The Evaluation concluded that the fair market value of the Subject Real Estate was $215,168 on August 12, 2011, the date the Plaintiff filed her Chapter 13, otherwise known as 11 B 33053.

4. Chase held a first mortgage lien against Subject Real Estate in the approximate amount of $447,290.00 on August 12, 2011, the date the Plaintiff filed her Chapter 13, otherwise known as 11 B 33053. The Chase mortgage lien was recorded with the Cook County Recorder of Deeds.

5. Chase Home Finance, LLC held a second mortgage lien against Subject Real Estate with an approximate amount of $99,715.00 on August 12, 2011, the date the Plaintiff filed her Chapter 13, otherwise known as 11 B 33053. Defendant's lien was recorded with the Cook County Recorder of Deeds.

6. On August 12, 2011, the amounts due and owing on the Chase's first mortgage lien exceeded the value of the Subject Real Estate.

7. The Plaintiff's Chapter 13 plan provides that the Defendant's claim will be treated as an unsecured non-priority claim.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 151, & 157, in that this action arises in and relates to Bankruptcy Case No. 11 B 33053, *In re Rose Soliva Gimay* presently before this Court.

2. This is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(k), 11 U.S.C §§ 506 (a) and (d), and Federal Bankruptcy Rule 3012 to Determine the Value of Security and Strip Off Defendant's Underlying Lien Against Plaintiffs' Primary Residence.

3. Pursuant to 11 U.S.C § 1322(b), a lien upon a residential real estate which is the Debtor's primary residence cannot be modified. However, where the junior mortgage is wholly unsecured, it should not be allowed as a secured claim, and that the mortgage lien may be stripped off. *In re Havel*, 2002 WL 31944059 (Bankr. S.D. Ill. 2002); *In re Mann*, 249 B.R. 831, 840 (1st Cir. BAP 2000); *In Re Pond*, 2001 252 F.3d 122 (2nd Cir. 2001); *In Re MacDonald*, 205 F. 3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Assoc.*, 212 F. 3d 277 (5th Cir. 2000); *In Re Lam*, 211 B.R. 36 (9th Cir. BAP 1357); *In Re Tanner*, 217 F. 3d 1357 (11th Cir. 2000). As of August 12, 2011, when the Plaintiff filed her Chapter 13, otherwise known as 11 B 33053, the amount due and owing on Chase's first mortgage lien exceeded the value of the Subject Real Estate; therefore the Defendant's second mortgage lien is wholly unsecured and may be avoid and cancelled.

4. Pursuant 11 U.S.C § 506, the Defendant's second mortgage lien has been proven to be wholly unsecured, and therefore will be treated as an unsecured non-priority claim in Plaintiff's Chapter 13 plan.

5. Defendant's secured claim against Plaintiff's primary residence, otherwise known as 4011 N. Oketo Avenue, Norridge, Illinois 60706, is valued at zero.

6. The Plaintiffs are entitled to a Judgment Order declaring that upon successful completion and entry of discharge in Plaintiff's Chapter 13, Defendant's lien will be rendered null and void with no further legal effect.

7. The Court reserves jurisdiction to enforce the terms of this order.

DATE: 1/10/12

ENTER:

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

JAN 1 0 2012

Prepared by:

Mohammed Badwan, Esq. # 6299011
Counsel for Plaintiffs
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax (630)575-8188